IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                  RESPONDENT

v.                    Crim. No. 1:12-cr-10010
                      Civil No. 1:16-01033

AARON MAURICE BLAYLOCK                                                                    MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by AARON MAURICE BLAYLOCK ("BLAYLOCK"), an inmate confined in the Florence High U.S. Penitentiary, Florence, Colorado. ECF No. 164. The Court appointed counsel, the Federal Public Defender, and Supplemental briefing on behalf of BLAYLOCK has been filed. ECF Nos. 172 and 177. The United States of America (hereinafter referred to as the "Government") was ordered to respond and has done so. ECF No. 178.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 164) be **DENIED**.

**1.     Procedural Background**:

On August 22, 2012, BLAYLOCK was named in a three-count Second Superseding Indictment. ECF No. 44. Pursuant to a written Plea Agreement (ECF No. 94), on April 8, 2013, before the Honorable Harry F. Barnes, BLAYLOCK, pled guilty to Count 2, aiding and abetting federal bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and Count 3, aiding and abetting the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. ECF No. 93. Count 3 was predicated on the crime charged in Count 2. ECF No. 44.

Judge Barnes ordered a Pre-Sentence Report (PSR) be prepared. The PSR was prepared and the final version was filed on October 3, 2013. ECF No. 120. BLAYLOCK was determined to be a career offender under the United States Sentencing Guidelines (USSG) and assigned an offense level 34. ECF No. 120 ¶ 40. His total offense lever was determined to be 31. ECF No. 120 ¶¶ 41-43. His Criminal History Category was VI. ECF No. 120 ¶¶ 52-54. The PSR also recommended a USSG range of 272-319 months imprisonment. ECF No. 120 ¶ 91.

BLAYLOCK made several Objections to the PSR prior to the final report being issued. ECF No. 115. The final PSR addressed each of those objections. Several were either corrected by the Final PSR or had no impact on the recommended sentence. ECF No. 120, Addendum. Judge Barnes also addressed the objections at sentencing. ECF No. 47-49. None of the objections or the Court's rulings on them changed the final PSR calculations. Further, none of those objections nor the rulings thereon effect the analysis herein. BLAYLOCK was sentenced to 188 months on Count 2 and 84 months on Count 3, with the sentences to be served consecutively for a total sentence of 272 months imprisonment. ECF Nos. 145-146.

BLAYLOCK filed a notice of appeal claiming the Court failed to properly weigh mitigating factors resulting in an unreasonable sentence. On December 12, 2014, the United States Court of Appeals for the Eighth Circuit affirmed the sentence. *See* ECF No. 161-1*; United States v. Blaylock*, 583 Fed. Appx. 590 (8th Cir. 2014).

**2.     Instant Motion**:

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violated due process and was unconstitutionally vague. On April 18, 2016, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court announced

that *Johnson* was a new substantive rule of constitutional law entitled to retroactive application in initial collateral attacks on ACCA enhanced sentences under 28 U.S.C. § 2255(a). Accordingly, a defendant sentenced under the ACCA enhanced sentence provision had one year from June 26, 2015, the date of the *Johnson* decision, in which to file any motion to vacate pursuant to § 2255.

BLAYLOCK filed his pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on April 26, 2016. ECF No. 164. On May 19, 2016, Judge Barnes appointed the Federal Defender to represent BLAYLOCK in regards a potential motion pursuant to 28 U.S.C. § 2255, based on *Johnson*. On July 21, 2016, BLAYLOCK, through counsel, filed his Memorandum in Support of the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 172. With this Motion and Memorandum, BLAYLOCK raised the following issues:

1. Title 18 U.S.C. § 924(c)'s "residual clause" is unconstitutionally vague in light of *Johnson*. ECF No. 164, p. 4.

2. The career offender guideline, USSG § 4B1.1, is unconstitutionally vague pursuant to *Johnson*. ECF No. 172, p. 16.

The Court entered an Order staying this matter until the Supreme Court entered its decision in *Beckles v. United States*, which would address the issue of the application of *Johnson* to the USSG. *Beckles* was decided by the Supreme Court on March 6, 2017. *See, Beckles*, 137 S. Ct. 886 (2017). In *Beckles* the Supreme Court held that *Johnson* was not applicable to the USSG. Thus, BLAYLOCK's second issue has been decided and should be denied.

Following the *Beckles* decision, BLAYLOCK filed a Supplemental Memorandum, acknowledging *Beckles* foreclosed relief on his second issued but again requesting relief on the first issue. ECF No. 177. Thereafter, the Government filed its response and argues *Johnson* dealt with the ACCA and did not address nor invalidate 18 U.S.C. § 924(c)'s "residual clause." Further, the Government argues BLAYLOCK's Motion is not based on a new rule of law, but rather a request

to extend *Johnson* to § 924(c)'s residual clause and as such is untimely. ECF No. 178. This matter is ready for decision.

**3.** <u>Discussion</u>:

    **a. Section 2255 Generally**: A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue previously decided on direct appeal in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

    **b. Statute of Limitations**: The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 and impose a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Under § 2255(f)(1), a judgment may become final at different times, depending upon when a defendant's options for further direct review are foreclosed.  *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir.2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir.2000).  When the Defendant takes no direct appeal, the judgment becomes final when the availability of appeal or a petition for certiorari expires.  *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987).  In a criminal case, the defendant has fourteen (14) days to file a notice of appeal.  *See* FED. R .APP. PROC. 4(b)(1)(A).  If a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final.  If a defendant does not file petition for a writ of *certiorari* the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).

     Here, BLAYLOCK's conviction became final on March 12, 2015, ninety (90) days after his conviction was affirmed on appeal.  He did not file the instant Motion until April 26, 2016, over one year later.  His Motion is untimely unless some savings provision or other circumstance permitted him to file beyond the one-year statute of limitations.  Pursuant to § 2255 (f)(3), BLAYLOCK asserts he had one year from the date of the Supreme Court decision in *Johnson*.  However, while *Johnson* announced a new rule of substantive law[1] applicable to convictions under the ACCA, it did not announce a new rule of substantive law in relation to 28 U.S.C. § 924(c).  BLAYLOCK offers no other reason to justify his late filing.  The instant Motion is therefore untimely and should be dismissed.  Even if the Motion were timely filed, it would be still subject to denial on its merits as

---

[1] As noted above, the new rule of law was made retroactively applicable by *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

set out below.

      **c.** ***Johnson v. United States***: The ACCA defines the predicate offenses for armed career criminal status as follows:

> (A) the term "serious drug offense" means--
>
>> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>>
>> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*; . . .

18 U.S.C. 924 (e)(2). The italicized portion of subsection (B)(ii) above is known as the "residual clause" of the ACCA. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act's "violent felony" definition was void for vagueness because it "both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S.Ct. at 2557. Thus under *Johnson* a prior conviction may qualify as a violent felony only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" or it were one of the enumerated crimes, namely, burglary, arson, extortion, or involves use of explosives. 18 U.S.C. § 924(e)(2)(B)(i-ii).

1. <u>*Johnson* does not apply to § 924(c)(3)(B)</u>: Notably, *Johnson* does not discuss § 924(c). BLAYLOCK argues the ACCA's "residual clause" definition of violent felony, voided by *Johnson*, and the definition of "crime of violence" in § 924(c)(3) are "virtually identical." Thus, he argues, if the residual clause of the ACCA is void for vagueness, so must be § 924(c)(3).[2]

The specific portion of § 924(c)(3) at issue here provides as follows:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

First, I note the statutory language of the ACCA residual clause and the language of § 924(c)(3)(B) are similar but not identical. Further, and more importantly, the Eighth Circuit has addressed this argument directly. In *United States v. Prickett*, 839 F. 3d 697 (8th Cir. 2016)(*per curium*). The defendant in *Prickett* argued the <u>exact</u> thing BLAYLOCK aruges here, namely, "the Supreme Court's holding in *Johnson v. United States*, extends to invalidate § 924(c)(3)(B) as unconstitutionally vague." *Id.* at 698. The Eighth Circuit disagreed and held: "We therefore conclude that *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague." *Id.* at 700.[3] Based on *Prickett*, this Court can not hold that *Johnson* rendered § 924(c)(3)(B) unconstitutionally vague.

---

[2]The statutory intent of § 924(c)(3) was to provide for enhanced penalties for certain crimes involving firearms. Any additional sentence is served consecutive to any other sentence imposed and the length of such additional sentence depends upon the manner in which a firearm was related to the other offense. In this case BLAYLOCK was sentenced to 188 months imprisonment for the bank robbery and to an additional 84 month imprisonment (the statutory minimum) for the 18 U.S.C. § 924(c)(1) violation.

[3]I note that *United States v. Prickett* was argued by the Federal Defender for the Western District of Arkansas, BLAYLOCK's counsel in this case.

The Motion should be denied as to this issue.

  2. <u>Bank Robbery is a "crime of violence"</u>: BLAYLOCK, as part of his attack on the sentence here, also argues that bank robbery under 18 U.S.C. § 2113, is not a "crime of violence" under the "force clause" of § 924(c)(3)(A).  As the Eight Circuit in *Prickett* has ruled that *Johnson* does not render § 924(c)(3)(A) unconstitutionally vague, the argument that *Johnson*, in some way, makes bank robbery no longer a "crime of violence" under § 924(c)(3)(A) is also without merit.

  Further, while the Eighth Circuit has not addressed the specific issue of whether bank robbery is a "crime of violence" post-*Johnson*, other courts have and find that bank robbery is indeed a crime of violence under the "force clause" of § 924(c)(3)(A).  *See e.g., United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016).  Well prior to *Johnson* and without directly referencing the force clause of § 924(c)(3)(A), the Eighth Circuit in *United States v. Wright*, 957 F.2d 520, 521-22 (8th Cir.1992) ruled that bank robbery under § 2113(a) was a "crime of violence" under the career offender provisions of the USSG.  In another case the Eighth Circuit held:

> As for the robbery conviction, this court has already ruled that 'robbery is a crime of violence under U.S.S.G. § 4B1.2(1)(i).' *United States v. Wright*, 957 F.2d 520 (8th Cir.1992). In *Wright* this court concluded that '[b]ecause robbery cannot be committed without violence within the meaning of section 4B1.1, courts cannot examine the facts underlying each robbery.'

*United States v. Leeper*, 964 F.2d 751, 753 (8th Cir. 1992).  Bank robbery is crime of violence and was properly considered such by the Court in this case at BLAYOCK's sentencing.  BLAYLOCK's claims based on *Johnson* invalidating §924(c) is simply misplaced in light of *Prickett* and the Eighth Circuit's prior case law.  The Motion should be denied on it's merits.

  **4.**  **<u>Conclusion</u>:**

  The Motion to Vacate in this matter was not timely filed and should be dismissed.  Even if the Motion were timely, it fails on its merits and the requested relief should be denied.

**5.     Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. BLAYLOCK is clearly not entitled to the relief he seeks.[4] Further, I find BLAYLOCK has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**6.     Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DISMISSED** as untimely or in the alternative **DENIED** on its merits. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **23rd day of June 2017.**

    /s/ *Barry A. Bryant*    
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] *See Buster v. United States,* 447 F.3d 1130, 1132 (8th Cir. 2006)(holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).