IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

AARON MAURICE BLAYLOCK                                        PETITIONER

v.                        CASE NO. 1:12-CR-10010-1
                          CASE NO. 1:16-CV-01033

UNITED STATES OF AMERICA                                      RESPONDENT

## ORDER

Before the Court is a Report and Recommendation entered on June 23, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 179. Petitioner has filed objections. ECF No. 180. The Court finds this matter ripe for consideration.

## BACKGROUND

On February 19, 2014, a Judgment was entered against Petitioner, sentencing him to a total of 272 months' imprisonment with credit for time served in federal custody. ECF No. 146. On February 24, 2014, Petitioner's *pro se* Notice of Appeal was filed. ECF No. 149. On November 20, 2014, the Eighth Circuit Court of Appeals affirmed Petitioner's Judgment. ECF No. 161-1. On December 12, 2014, the Mandate was issued. ECF No. 161.

Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on April 26, 2016. ECF No. 164. Petitioner subsequently filed a brief in support of his motion. ECF No. 172. In these documents, Petitioner argues, in relevant part, that: (1) 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 164, p. 4), and (2) USSG § 4B1.2(a)(2)'s residual clause is

unconstitutionally vague pursuant to *Johnson* (ECF No. 172, p. 17). Petitioner subsequently filed a supplemental brief in which he conceded, in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), that his argument concerning USSG § 4B1.2(a)(2)'s residual clause is foreclosed.[1] ECF No. 177. On March 27, 2017, the Government filed a response, arguing that Petitioner is not entitled to section 2255 relief. ECF No. 178. On June 23, 2017, Judge Bryant issued the present Report and Recommendation. ECF No. 179. Petitioner filed objections on July 7, 2017. ECF No. 180.

**DISCUSSION**

In the present Report and Recommendation, Judge Bryant recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 164) be dismissed as untimely or, in the alternative, denied on the merits. Likewise, Judge Bryant recommends a finding that an appeal from dismissal would not be taken in good faith. The Court will first address Petitioner's objections regarding Judge Bryant's finding that Petitioner's motion is untimely. If necessary, the Court will then address Petitioner's other objections. Finally, the Court will determine whether a Certificate of Appealability ("COA") should issue.

**I. Timeliness of Petitioner's Motion**

Title 28 U.S.C. § 2255 contains a one-year statute of limitations on motions by prisoners seeking to modify, vacate, or correct their federal sentences. Section 2255 states, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

---

[1] Accordingly, the Court will not discuss this issue.

28 U.S.C. § 2255(f)(1) & (3). In general, a conviction becomes final when the time to appeal expires. *See Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)). Under Federal Rule of Appellate Procedure 41(b)(1)(A), a criminal defendant must file his notice of appeal within fourteen days of the entry of judgement or the filing of the government's notice of appeal. However, if a criminal defendant appeals his conviction and sentence, the appellate court affirms the district court, and the defendant thereafter fails to file a petition for *certiorari*, his "judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for *certiorari* must be filed within ninety days after entry of the appellate court's judgment. Sup. Ct. R. 13(1).

In the instant case, because Petitioner did not file a petition for *certiorari*, his conviction became final ninety days after the judgment of the Eighth Circuit affirming his conviction. Accordingly, Petitioner's conviction became final on February 19, 2015. Pursuant to 28 U.S.C. § 2255(f)(1), Petitioner had until February 19, 2016, to file his section 2255 motion. However, the instant motion was not filed until April 26, 2016—more than two months after the one-year statute of limitation expired.

However, Petitioner asserts that his motion was timely filed pursuant to 28 U.S.C. § 2255(f)(3), stating:

> On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates due process and is unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Court held that *Johnson* announced a new substantive rule of law that applies retroactively to cases on collateral review. [Petitioner] was convicted of violating 18 U.S.C. § 924(c) for aiding and abetting the use of a firearm in connection with a "crime of violence"—specifically, the crime of aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and 2. The term "crime of violence" as defined at § 924(c)(3)

3

> contains a clause that is similar to the ACCA's residual clause. [Petitioner] submits that this clause, found at § 924(c)(3)(B), is also unconstitutionally vague under *Johnson*. [Petitioner] accordingly has one year from the date of the substantive change in law recognized in the *Johnson* decision, or until June 26, 2016, to file for relief under 28 U.S.C. § 2255. [Petitioner] timely filed a *pro se* § 2255 motion herein on April 26, 2016.

ECF No. 172, p. 1. In response, the Government asserts that Petitioner's motion is untimely, arguing that "[a]lthough *Johnson* applies retroactively to claims challenging a sentencing enhancement under 18 U.S.C. § 924(e)(2)(B), . . . it does not apply at all (retroactively or otherwise) to [Petitioner's] conviction." ECF No. 178, p. 9.

In his Report and Recommendation, Judge Bryant found that "while *Johnson* announced a new rule of substantive law applicable to convictions under the ACCA, it did not announce a new rule of substantive law in relation to 28 U.S.C. § 924(c)" and concluded that Petitioner's motion was untimely. ECF No. 179, p. 5. In his objections, Petitioner states that "[b]ecause [Petitioner] asserts that the reasoning of *Johnson* extends to invalidate § 924(c)(3)(B)'s residual clause, he contends that his § 2255 motion was timely filed and that he is entitled to have his § 924(c) conviction vacated." ECF No. 180, p. 3.

Upon consideration, the Court finds Petitioner's argument on this point unpersuasive. As Petitioner notes, the *Johnson* decision concerned 18 U.S.C. § 924(e), not 18 U.S.C. § 924(c)(3)(B). Although Petitioner asserts that the *Johnson* rationale should be extended to 18 U.S.C. § 924(c)(3)(B), the Eighth Circuit in *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), determined that *Johnson* did not invalidate 18 U.S.C. § 924(c)(3)(B). Therefore, although *Johnson* announced a new rule of substantive law as contemplated by 28 U.S.C. § 2255(f)(3) in regard to 18 U.S.C. § 924(e) convictions, it did not announce a new rule of substantive law in relation to 18 U.S.C. § 924(c)(3)(B). Accordingly, 28 U.S.C. § 2255(f)(3) is inapplicable.

Therefore, in light of the facts that Petitioner filed the instant motion more than one year after his conviction became final and 28 U.S.C. § 2255(f)(3) is inapplicable, the Court finds that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 164) should be dismissed as time-barred. Accordingly, the Court need not reach the merits of Petitioner's motion.

## II. Certificate of Appealability

Judge Bryant recommends a finding that an appeal from dismissal of the instant motion would not be taken in good faith. However, Petitioner asserts that a COA is warranted under the present circumstances.

The issuance of a COA is only appropriate in a section 2255 proceeding when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. When the court dismisses the petition on procedural grounds, as is the case here, the petitioner can make a "substantial showing" of the denial of a constitutional right if he demonstrates: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although Petitioner argues that "he has made a substantial showing of the denial of a constitutional right, as a split among the circuits clearly demonstrates that the issue of the constitutionality of § 924(c)(3)(B) is debatable among reasonable jurists," he has not offered argument as to the second requirement outlined in *Slack*. Accordingly, without deciding the issue of whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," the Court finds that no reasonable jurist would find it debatable

that the instant motion is time-barred. Therefore, because Petitioner has not shown that both requirements are satisfied, the Court concludes that no COA should be issued.

## CONCLUSION

For the foregoing reasons and upon *de novo* review, the Court hereby **ADOPTS** Judge Bryant's Report and Recommendation (ECF No. 179) insofar as it recommends a finding that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 164) should be dismissed as time-barred and that no Certificate of Appealability should be issued. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 164) is hereby **DISMISSED**. The Court further orders that no Certificate of Appealability be issued in this matter.

**IT IS SO ORDERED**, this 30th day of April, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge