IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINITFF

v.                               Case No. 1:12-cr-10010-1

AARON MAURICE BLAYLOCK                                                    DEFENDANT

## ORDER

Before the Court is the Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b) filed by Defendant Aaron Maurice Blaylock. (ECF No. 188). The Court finds that no response is necessary. The Court finds the matter ripe for consideration.

On February 19, 2014, the Court sentenced Defendant to a total of 272 months of imprisonment, with credit for time served in federal custody. On April 26, 2016, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 23, 2017, the Honorable Barry A. Bryant issued a Report and Recommendation recommending that the Court dismiss Defendant's section 2255 motion as time-barred. On April 30, 2018, the Court adopted Judge Bryant's Report and Recommendation and dismissed Defendant's section 2255 motion as time-barred.

On May 21, 2018, Defendant filed the instant motion for reconsideration. (ECF No. 188). Although the instant motion is docketed as a motion to reconsider the Court's April 30, 2018, order adopting Judge Bryant's Report and Recommendation and dismissing Defendant's section 2255 motion, the motion appears to ask the Court to reconsider the career-offender enhancement imposed during Defendant's sentencing. Specifically, Defendant invokes Federal Rule of Civil

Procedure 60(b)(6) and asks the Court to determine that two prior drug-related offenses were not "serious drug offenses" and remove Defendant's career-offender enhancement.

Upon consideration, the Court finds that Rule 60(b)(6) does not provide the relief that Defendant seeks. Rule 60(b)(6) allows a court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). In sum, Defendant relies on Rule 60(b) to attack his sentence in a criminal case. Rule 60(b) exists to correct a civil—not a criminal—judgment. *See United States v. Camacho–Bordes*, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996); *United States v. Salter*, No. 2:04–CR–20008, 2009 WL 3850147 at *1 (W.D. Ark. Oct. 20, 2009) ("Rule 60 of the Federal Rules of Civil Procedure do[es] not apply in a criminal case."). Defendant's invocation of a Federal Rule of Civil Procedure in this criminal case is mistaken, as other avenues exist to challenge a criminal sentence. Accordingly, the Court finds that Rule 60(b)(6) does not provide Defendant relief from his criminal sentence, and therefore, Defendant's motion should be denied.[1]

For the reasons discussed above, the Court finds that Defendant's motion to reconsider (ECF No. 188) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 2nd day of July, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge

---

[1] To the extent that Defendant intended to ask the Court to reconsider its April 30, 2018, order adopting Judge Bryant's Report and Recommendation and dismissing Defendant's section 2255 motion, the Court would likewise deny the motion. The Court adopted the Report and Recommendation and denied the section 2255 motion as time-barred. The instant motion for reconsideration does not discuss the issue of whether the section 2255 motion is time-barred, but instead argues that Defendant's prior drug-related convictions are not "serious drug offenses." As such, the instant motion does not point the Court to any manifest error of law, manifest error of fact, or newly discovered evidence such that it is appropriate for the Court to reconsider its ruling. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).