IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | RESPONDENT |
| v.  No. 1:12-cr-10010 | |
|      No. 1:20-cv-1002 | |
| AARON MAURICE BLAYLOCK | MOVANT |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by AARON MAURICE BLAYLOCK ("BLAYLOCK"), an inmate confined in the Florence High U.S. Penitentiary, Florence, Colorado. ECF No. 209. The Court appointed the Federal Defender as counsel and Supplemental briefing on behalf of BLAYLOCK has been filed. ECF No. 210. The United States of America (hereinafter referred to as the "Government") was ordered to respond and has done so. ECF No. 213.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 209) be **DENIED**.

**1. Procedural Background**:

On August 22, 2012, BLAYLOCK was named in a three-count Second Superseding Indictment. ECF No. 44. Pursuant to a written Plea Agreement (ECF No. 94), on April 8, 2013, before the Honorable Harry F. Barnes, BLAYLOCK, pled guilty to Count 2, aiding and abetting federal bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and Count 3, aiding and abetting

the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. ECF No. 93. Count 3 was predicated on the crime charged in Count 2. ECF No. 44.

Judge Barnes ordered a Pre-Sentence Report (PSR) be prepared. The PSR was prepared and the final version was filed on October 3, 2013. ECF No. 120. BLAYLOCK was determined to be a career offender under the United States Sentencing Guidelines (USSG) and assigned an offense level 34. ECF No. 120 ¶ 40. His total offense lever was determined to be 31. ECF No. 120 ¶¶ 41-43. His Criminal History Category was VI. ECF No. 120 ¶¶ 52-54. The PSR also recommended a USSG range of 272-319 months imprisonment. ECF No. 120 ¶ 91. At his sentencing hearing on February 14, 2014, BLAYLOCK was sentenced to 188 months on Count 2 and 84 months on Count 3, with the sentences to be served consecutively for a total sentence of 272 months imprisonment. ECF Nos. 145-146.

BLAYLOCK filed a notice of appeal claiming the Court failed to properly weigh mitigating factors resulting in an unreasonable sentence. On December 12, 2014, the United States Court of Appeals for the Eighth Circuit affirmed the sentence. *See* ECF No. 161-1; *United States v. Blaylock*, 583 Fed. Appx. 590 (8th Cir. 2014).

On April 26, 2016, BLAYLOCK filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. ECF No. 164. Counsel was appointed to represent him. Counsel filed a brief in support of the Motion (ECF No. 177), and the Government filed its Response. (ECF No. 178). After review, this Court denied the Motion to Vacate. ECF Nos. 179 and 186. BLAYLOCK appealed the denial to the Eighth Circuit. The Eighth Circuit, on November 16, 2018, denied the issuance of a certificate of appealability and dismissed the appeal. ECF No. 203-1. The United States Supreme Court denied BLAYLOCK's Petition for Writ of Certiorari on

March 25, 2019. *See Blaylock v. United States*, ___ U.S. ___, 139 S.Ct. 1396 (Mem), 203 L.Ed.2d 626 (2019).

On December 27, 2019, BLAYLOCK filed his *pro se* Motion for Permission to File a Successive Habeas Petition with the Eighth Circuit. *See Blaylock v. United States*, Cause No. 19-3777 (8th Cir. 2020). With this Motion, BLAYLOCK specifically sought permission to challenge his conviction based on *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) which held in part the residual clause of the definition of a violent felony, in 18 U.S.C. § 924(c), providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence, was unconstitutionally vague. The Eighth Circuit denied BLAYLOCK's *pro se* request for permission to file a successive motion on April 2, 2020. *See Blaylock v. United States*, Cause No. 19-3777 (8th Cir. April 2, 2020).

After filing the Motion for Permission to File a Successive Habeas Petition with the Eighth Circuit, but before that Court ruled on the request, BLAYLOCK filed the instant Motion.[1] ECF Nos. 209 and 212. With this instant Motion, BLAYLOCK asks the Court for relief based on the following issues:

    a. He was improperly found to be a career offender as one of his prior felony convictions has been reclassified as a misdemeanor;

    b. He was convicted of violation of 18 U.S.C. § 924(c) based on his conviction for "aiding and abetting armed bank robbery" and the applicable provision of § 924(c) has been declared unconstitutional in *United States v. Davis*. Accordingly, he is actually innocent of the charge in Count 3 of the original Indictment; and

    3. The instant Motion should not be construed as a successive motion because it raises new issues of law based on *United States v. Davis* and the matter should be transferred to

---

[1] The Court again appointed BLAYLOCK counsel in this matter and directed counsel to supplement the instant Motion. ECF No. 210. Counsel filed the Supplement on February 28, 2020, well before the Eighth Circuit denied BLAYLOCK's *pro se* request to file a successive motion. As counsel addressed the issue of whether the instant Motion was successive and requested transfer to the Eighth Circuit to seek permission to file a successive motion, it is apparent counsel was unaware of the pending request filed *pro se* by BLAYLOCK with the Eighth Circuit.

the Eighth Circuit for certification as a properly filed successive motion pursuant to 28 U.S.C. § 2255.

The Government has responded and argues the instant Motion should be denied as an improper second or successive motion filed without permission from the Eighth Circuit. The Government cites the Eighth Circuit's recent denial of BLAYLOCK's request to file a successive motion. The Government also argues in the alternative the claims made by BLAYLOCK fail on their merits.

**2. Discussion**:

Under the Anti-Terrorism and Death Penalty Act, BLAYLOCK was required to obtain a certification of approval to file by a panel of the Eighth Circuit prior to filing this § 2255 motion. *See* 28 U.S.C. § 2244(b) (1996). This provision provides as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* (emphasis added).

In the present action, BLAYLOCK states he did not seek such an authorization and argues he was not required to do so because of new facts and his diligent pursuit of his claims (ECF No. 209, pp. 15-16). The fact is he did seek permission from the Eighth Circuit prior to filing a successive motion merely nine (9) days prior to filing the instant Motion. *See Blaylock v. United States*, Cause No. 19-3777 (8th Cir. April 2, 2020). He simply failed to indicate to this Court there was pending request for certification filed with the Eighth Circuit. Counsel for BLAYLOCK properly concedes the instant Motion is a successive motion pursuant to § 2255. ECF No. 212, pp 4 and 10. Counsel, unaware at the time he filed his brief the matter was already pending before the Eighth Circuit, urged the Court to transfer the Motion to the Eighth Circuit for certification as a properly filed successive motion rather than outright dismissal.

4

Upon review, the Court finds BLAYLOCK's current § 2255 motion should be denied as a second or successive petition. BLAYLOCK previously filed a § 2255 motion. ECF No. 41. His prior § 2255 motion was denied. ECF Nos. 46, 48. Clearly aware of the requirement to seek approval from the Eighth Circuit and failing to obtain such approval, BLAYLOCK then filed the current § 2255 motion. ECF No. 209.

BLAYLOCK sought permission from the Eight Circuit prior to filing the instant Motion. He deliberately failed to inform this court or apparently his own counsel of his *pro se* request. He then files the instant Motion prior to the Eighth Circuit ruling on his request. The Eighth Circuit has denied BLAYLOCK's request to file a successive petition. Without such an authorization, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this § 2255 motion should be dismissed.

### 3. Recommendation:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (ECF No. 209) be **DENIED**.[2] Pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith. Furthermore, because BLAYLOCK knew of the rule requiring Eighth Circuit approval and intentionally disregarded that rule prior to filing the current Motion, BLAYLOCK should be **BARRED** from any further filings unless he first obtains leave of Court.

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **14th day of May 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE