IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                                    Case No. 1:12-cr-10010-001

AARON MAURICE BLAYLOCK                                                      PETITIONER

## ORDER

Before the Court is a Report and Recommendation entered on May 14, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 215).  Judge Bryant recommends that the Court dismiss Petitioner Aaron Maurice Blaylock's pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 209) as a second or successive section 2255 motion that was filed without first obtaining approval from the Eighth Circuit Court of Appeals.  Petitioner has filed two sets of *pro se* objections.  (ECF Nos. 218, 220).  The Court finds this matter ripe for consideration.

### I. BACKGROUND

On April 8, 2013, Petitioner pleaded guilty to one count of aiding and abetting a federal bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and 2, and one count of aiding and abetting the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  The Final Presentence Investigation Report ("PSR") classified Petitioner as a career offender based on three prior felony offenses that were either crimes of violence or controlled substance offenses.  On February 19, 2014, the Honorable Harry F. Barnes adopted the PSR without change and sentenced Petitioner to, among other things, a total of 272 months' imprisonment, with credit for time served in federal custody.  (ECF No. 146).  On February 24,

2014, Petitioner appealed his sentence. (ECF No. 149). On November 20, 2014, the Eighth Circuit affirmed the sentence. (ECF No. 161-1).

On April 26, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 164). The Court appointed counsel to assist Petitioner with the motion and after briefing concluded, Judge Bryant then issued a Report and Recommendation, finding that the motion was time-barred and recommending that it be dismissed. On July 7, 2017, Petitioner's appointed counsel filed objections and, on September 11, 2017, Petitioner filed a *pro se* motion seeking a continuance so that he could supplement his section 2255 motion to add a claim that one of his predicate offenses, a 2009 California felony drug conviction, had been reduced to a misdemeanor offense on July 7, 2016. Petitioner contended that this upended his career-offender status and that he should be resentenced as a result. Judge Bryant denied that motion on September 19, 2017, after finding that the request was moot because Petitioner's appointed counsel had already filed a supplemental brief on his behalf and a Report and Recommendation had issued on the underlying motion and the supplemental brief.

On April 30, 2018, the Court adopted the Report and Recommendation and dismissed Petitioner's section 2255 motion as time-barred, with no certificate of appealability issuing.[1] (ECF No. 186). Petitioner sought a certificate of appealability from the Eighth Circuit, which denied the request on November 16, 2018. (ECF No. 203-1). Petitioner then filed a petition for a writ of certiorari, which the United States Supreme Court denied on March 26, 2019. (ECF No. 205).

On December 27, 2019, Petitioner filed with the Eighth Circuit a *pro se* motion for permission to file a successive section 2255 petition. He specifically sought permission to

---

[1] On May 21, 2018, Petitioner filed a *pro se* motion to reconsider this ruling pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 188). On July 2, 2018, the Court denied that motion. (ECF No. 201).

challenge his conviction based on *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019).[2] On April 2, 2020, the Eighth Circuit denied that motion. *See Blaylock v. United States*, No. 19-3777 (8th Cir. April 2, 2020).

On January 13, 2020, Petitioner filed in this Court a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court appointed the Federal Public Defender to assist Petitioner with the motion and, on February 28, 2020, appointed counsel filed a supplement to the section 2255 motion. Petitioner challenges Judge Barnes' finding that he is a career offender and the subsequent sentence enhancement he received as a result. Appointed counsel's supplemental brief also contends that Petitioner's conviction under 18 U.S.C. § 924(c) should be vacated in light of *Davis*. However, Petitioner's supplemental brief concedes that the motion is a second or successive section 2255 petition and requests, in lieu of dismissal, that the Court instead transfer the motion to the Eighth Circuit for a post-hoc determination of whether to allow him to file the motion with this Court. On May 1, 2020, the government responded, arguing that the Court should deny the instant motion.

On May 14, 2020, Judge Bryant issued the instant Report and Recommendation. He finds that the motion is a second or successive section 2255 motion that seeks to vacate Petitioner's sentence. Judge Bryant also finds that Petitioner failed to obtain permission from the Eighth Circuit before filing his motion. Thus, Judge Bryant recommends that the Court dismiss the section 2255 petition. Judge Bryant also finds that Petitioner knew of and deliberately disregarded the rule requiring him to obtain authorization from the Eighth Circuit before filing this motion. Accordingly, Judge Bryant also recommends that the Court bar Petitioner from filing any further

---

[2] *Davis* held, in relevant part, that the residual clause of the definition of a violent felony, found in 18 U.S.C. § 924(c)—providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence—was unconstitutionally vague.

3

motions in this case without first obtaining leave from the Court. Petitioner has filed *pro se* objections.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). Recommendations that are not objected to are reviewed only for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

The Court will put aside the fact that Petitioner's *pro se* objections violate the Court's January 17, 2020 order directing him to refrain from filing any other *pro se* filings in this matter because he has been appointed counsel. (ECF No. 210, p. 2). Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections. Petitioner objects to the Court appointing counsel to assist him with the section 2255 motion and to counsel's concession that the instant motion is a second or successive section 2255 motion. Petitioner also objects to Judge Bryant's finding that the motion is a second or successive section 2255 motion that was filed without authorization from the Eighth Circuit. The Court finds these objections unpersuasive for the reasons stated below.

4

### A. Appointment of Counsel

Petitioner first objects to the Court appointing counsel to assist him with the briefing of the instant motion. He argues that he did not ask for appointment of counsel and that counsel in fact undermined his motion by conceding that the motion is an improperly filed second or successive section 2255 motion.

At the outset, it must be observed appointing counsel in section 2255 proceedings is within the Court's discretion. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Baker v. United States*, 334 F.2d 444, 447-48 (8th Cir. 1964). Authorities are clear that the Court may appoint counsel in a section 2255 case if the interests of justice so require. 28 U.S.C. § 2255(g); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

Although Petitioner did not ask for appointment of counsel, the Court's general practice is to appoint counsel to review and, if necessary, to supplement any *pro se* party's second-filed section 2255 motion. That is what the Court did in this case. This practice assists the Court in understanding the underpinnings of any such motion and allows petitioners to best present their arguments. Upon review, the Court finds no error in the appointment of counsel to review and supplement Petitioner's second section 2255 motion.

Petitioner also takes issue with the fact that his appointed counsel's supplemental brief conceded that the instant motion is an improperly filed second or successive motion. Petitioner argues that his original *pro se* motion disclaimed this position and instead contended that the Court could consider the motion without the need for pre-authorization from the Eighth Circuit.

As a preliminary matter, Petitioner cites no case, and the Court is unaware of any, allowing a party to object pursuant to 18 U.S.C. § 636(b)(1) to a supplemental brief filed by the party's own appointed counsel. Thus, the Court finds this objection unavailing for that reason. However,

5

even if that was no issue, the Court's order appointing counsel explicitly instructed appointed counsel to address in a supplemental brief whether the instant motion is a second or successive motion that requires pre-authorization from the Eighth Circuit. Thus, counsel was obliged to discuss the issue. Counsel's analysis of the issue may not be to Petitioner's liking, but as an officer of the Court, counsel cannot reiterate Petitioner's position if counsel believes it to be unfounded. Upon review, the Court finds no error in appointed counsel's filing of a supplemental brief that, in part, discussed the issue of whether the motion requires pre-authorization from the Eighth Circuit.

Finally, Petitioner argues that his appointed counsel should not have been appointed at all because counsel also represented Petitioner's co-defendant in this case for purposes of a section 2255 motion that the co-defendant filed in 2016.[3] (ECF No. 166). In doing so, Petitioner makes vague allegations that appointed counsel is biased against him and misled the Court into ruling against him on the instant motion. However, there is no evidence that appointed counsel undertook any wrongdoing while briefing the instant motion or that counsel harbors any bias against Petitioner. Consequently, the Court finds this objection unpersuasive.

In sum, Petitioner's objections regarding his appointed counsel present no basis for departing from the Report and Recommendation. The Court will now address Petitioner's objections regarding whether his motion is an improperly filed second or successive motion to vacate.

### B. Second or Successive Motion Filed Without Pre-Authorization

As Judge Bryant correctly stated, if a prisoner has filed a motion to vacate pursuant to 28 U.S.C. § 2255 that is subsequently denied, he cannot then file a second or successive motion to vacate without first seeking leave from the Eighth Circuit. 28 U.S.C. § 2255(h). The Court lacks

---

[3] The Court denied the co-defendant's section 2255 motion on April 30, 2019, and the Eighth Circuit affirmed that ruling on August 1, 2019. (ECF No. 208-1).

jurisdiction to consider—and must dismiss—any second or successive section 2255 motion filed without pre-authorization from the Eighth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

There is no dispute that Petitioner previously filed a section 2255 motion on April 26, 2016. That motion was denied, and the Eighth Circuit affirmed that ruling. It is also undisputed that Petitioner did not obtain leave from the Eighth Circuit before filing the instant section 2255 motion. Thus, the only remaining question is whether the instant motion is correctly characterized as a second or successive motion to vacate under 28 U.S.C. § 2255.

Petitioner concedes that this is his second section 2255 motion. However, he argues that he was not required to obtain leave from the Eighth Circuit before filing it because the motion asserts a claim that he could not have raised when he filed his first section 2255 motion on April 26, 2016. He also argues that he did not need to obtain authorization from the Eighth Circuit before filing this motion because he unsuccessfully asked the Eighth Circuit for leave to file it in case number 19-3777. The Court will separately address these arguments.

### 1. Newly Arisen Claim

Petitioner's first argument is that he was not required to obtain the Eighth Circuit's permission before filing this motion because it concerns a claim that did not exist when he filed his original section 2255 motion on April 26, 2016. He states that Judge Barnes sentenced him as a career offender based, in part, on a 2009 felony drug conviction in California that, on July 7, 2016, was reduced from a felony to a misdemeanor offense pursuant to Proposition 47, a 2014 referendum passed by California voters that recategorized certain nonviolent felony offenses as misdemeanors. He argues, in light of that reclassification, the 2009 drug offense should not be considered a predicate offense for career-offender purposes.[4] Thus, he asks the Court to vacate

---

[4] He also argues in his second set of objections that the reclassification of the 2009 drug offense should reduce his criminal history score. This argument was not made in either the underlying motion or appointed counsel's

7

his current sentence and resentence him without the career-offender enhancement.[5]

Petitioner is correct that he may file a second or successive section 2255 motion without seeking authorization from the Eighth Circuit if the basis for the claim asserted therein had not yet arisen while he was pursuing his first section 2255 petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). However, even so, this is governed by a one-year statute of limitations, running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

To begin, the Court believes that Petitioner's new claim is time-barred. He states that his felony drug offense was reclassified to a misdemeanor on July 7, 2016. Despite having filed a section 2255 motion that was pending at the time, Petitioner did not seek to supplement the motion with this new claim until roughly fourteen months later, on September 11, 2017, after a Report and Recommendation had been issued and objections had been filed on Petitioner's behalf. Petitioner gives no good reason for the delay in pursuing his claim.[6]

In its *de novo* review, the Court also reviewed Petitioner's September 11, 2017 motion to

---

supplemental brief. A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). Thus, the Court will not consider this argument because it was not first presented to Judge Bryant for consideration.

[5] He also appears to argue that another one of his predicate offenses, a 2005 California felony conviction for "Sell/Transport Controlled Substance" is not a "serious drug offense" or a "serious drug felony" under California law because the charge does not include a drug weight amount, and thus, it should not have been used as a predicate offense to classify him as a career offender. However, as appointed counsel's supplemental brief concedes, whether a prior drug conviction counts as a predicate offense depends on whether it meets the definition of a "controlled substance offense" under U.S.S.C. § 4B1.2(b), not whether the offense is considered a "serious drug offense" or "serious drug felony" under state law. Petitioner does not seem to argue that his 2005 California conviction fails outside of the definition set out in U.S.S.C. § 4B1.2(b), so the Court sees no issue with Plaintiff's 2005 conviction being used as a predicate offense for career-offender purposes.

[6] Petitioner states that he was placed in lockdown on August 8, 2016. He provides no evidence of this, nor does he detail the length of the lockdown or explain how the lockdown prevented him from contacting his appointed counsel to discuss the possibility of timely asserting the claim.

supplement his first section 2255 motion, where he stated that he mailed a motion to the Court on July 17, 2016, seeking to add his new claim to his first section 2255 petition. However, no such motion was filed on the docket. Federal courts presume the accuracy of the Clerk of Court's docket entries, absent reliable evidence to the contrary. *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001). Petitioner has provided no evidence that, on July 17, 2016, he mailed to the Court a motion to supplement his first section 2255 motion.[7] Thus, the Court cannot credit Petitioner that assertion.

Based on the current record, the Court must determine that Petitioner's attempt to add the new claim in his first section 2255 proceedings on September 11, 2017 came more than one year after the intervening event giving rise to his claim—the reclassification of his felony drug conviction on July 7, 2016. Thus, the claim is barred by the one-year statute of limitations. 28 U.S.C. § 2255(f)(4).

Even if the Court assumes *arguendo* that Petitioner's new claim was not time-barred, the present objections still do not persuade the Court that Petitioner could file the present motion without first obtaining leave from the Eighth Circuit. As a preliminary matter, Petitioner's objections on this point are reiterative of his arguments that Judge Bryant considered and found lacking. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Thus, the argument should be denied on that basis, without more.

Moreover, Judge Barnes classified Petitioner as a career offender based on three predicate

---

[7] Petitioner's September 11, 2017 motion is accompanied by what he purports to be a copy of the motion he mailed to the Court on July 17, 2016. However, there is no evidence that Petitioner indeed mailed that document on that date, or that the Clerk of Court subsequently received it, so the Court cannot credit this assertion.

offenses, set out in paragraphs 49, 50, and 51 in the Final Presentence Investigation Report.[8] (ECF No. 120). Even if Petitioner is correct that his 2009 drug conviction has been reduced to a misdemeanor, he was still properly classified as a career offender based on two other predicate offenses. *See* U.S.S.G. 4B1.1(a) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."). As Petitioner's supplemental brief concedes, in light of the fact that the reclassification of his drug conviction has no effect on his career-offender status, this claim cannot be said to be based on facts that had not arisen prior to the filing of the first section 2255 motion.

### 2. Effect of Petitioner's Prior Motion for Approval from the Eighth Circuit

Petitioner also appears to argue alternatively that he did not have to obtain leave from the Eighth Circuit before filing this motion because he previously attempted to obtain the Eighth Circuit's leave to file a second section 2255 motion. (ECF No. 220, p. 3). Petitioner is correct that, on December 27, 2019, he filed a *pro se* motion with the Eighth Circuit, seeking leave to file a second or successive motion to vacate his conviction based on *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). *See Blaylock v. United States*, No. 19-3777 (8th Cir. April 2, 2020). The Eighth Circuit later denied that motion. *Id.* Roughly seventeen days after filing his motion with the Eighth Circuit—and before receiving a ruling on that motion—Petitioner filed the present motion in this Court.

---

[8] The first offense is a 2002 California felony conviction for assault with a firearm on a person. The second offense is a 2005 California felony conviction for "Sell/Transport Controlled Substance." The third offense is a 2009 California felony conviction for possession of methamphetamine, which is the offense Petitioner contends was later reclassified as a misdemeanor.

Petitioner seems to suggest that his filing of the December 27, 2019 motion satisfied his need to seek Eighth Circuit approval for the instant motion. However, Petitioner's December 27, 2019 motion with the Eighth Circuit concerned only his desire to make a *Davis* argument and did not mention the arguments discussed above. Petitioner could have also sought leave to file a section 2255 motion regarding his career-offender arguments, but he did not. Thus, has not sought leave from the Eighth Circuit to make his career-offender arguments, and his December 27, 2019 motion does not satisfy that requirement. Accordingly, this argument provides no reason to allow him to make his career-offender arguments without obtaining authorization from the Eighth Circuit.

### 3. Conclusion

Petitioner's objections do not establish that he was not required to seek approval from the Eighth Circuit before filing the present second or successive section 2255 motion. Accordingly, the Court must decide whether to dismiss the instant petition or, in the interests of justice, transfer it to the Eighth Circuit. 28 U.S.C. § 1631; *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). The Court agrees with Judge Bryant that the interests of justice would not be furthered by transferring the petitioner to the Eighth Circuit, so the petition should be dismissed.[9] To be clear, though, nothing in this order prevents Petitioner from separately seeking permission from the Eighth Circuit to file a second or successive section 2255 motion.

In sum, the Court will not transfer the instant motion to the Eighth Circuit, but rather, will dismiss it without prejudice to refiling if, and when, Petitioner obtains permission from the Eighth

---

[9] Moreover, to the extent that Petitioner still seeks to vacate his sentence under *Davis*, the Eighth Circuit has already foreclosed that attempt in its April 2, 2020 ruling denying his motion to file a second or successive section 2255 motion based on *Davis*. The interests of justice would not be furthered by transferring a motion to the Eighth Circuit for determination of an issue it has already determined.

Circuit to do so. The Court notes that, with one exception, Petitioner does not object to the remainder of Judge Bryant's recommendations.[10] Finding no clear error on the face of those recommendations, the Court will adopt them, as well. *Grinder*, 73 F.3d at 795.

The only remaining issue is Judge Bryant's recommendation that Petitioner be barred from filing any additional motions without first seeking leave from the Court. Judge Bryant reasons that Petitioner was aware of the need to seek pre-authorization from the Eighth Circuit before filing second or successive motions to vacate—as evidenced by his December 27, 2019 motion seeking such leave—but that he intentionally ignored that requirement by filing the instant motion on January 13, 2020, without obtaining leave from the Eighth Circuit. Petitioner objects, arguing that he did not abuse his *pro se* filing rights and should not be barred from further filings because of what he characterizes as his appointed counsel's lack of interest. Petitioner does not address Judge Bryant's reasoning that he filed this motion without leave from the Eighth Circuit despite his knowledge that he was required to do so.

The Court agrees with Judge Bryant's recommendation. Petitioner has not squarely addressed Judge Bryant's reasoning for this recommendation, and thus, has provided no compelling reason to depart from the recommendation. Petitioner clearly was aware that he needed to request leave from the Eighth Circuit before filing a second or successive section 2255 motion, and he did not do so before he filed this motion. To avoid spending Court resources resolving motions that lack a lawful basis, the Court will restrict Petitioner from filing any additional motions in this case without first obtaining the Court's leave by explaining what motion he wishes to make and the basis for the motion. This ruling should not be construed as eliminating Petitioner's ability to file motions altogether; merely, he may not do so without showing a good-faith basis for

---

[10] These include recommendations that no hearing is necessary to resolve Petitioner's motion and that no certificate of appealability should issue.

subsequent motions.

## III. CONCLUSION

For the above-stated reasons and upon *de novo* review of all issues related to Petitioner's specific objections, the Court finds that Petitioner offers no mistake of fact or law that would cause the Court to deviate from the instant Report and Recommendation. Accordingly, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation. (ECF No. 215). Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 209) is hereby **DISMISSED WITHOUT PREJUDICE**. No certificate of appealability shall issue.

The Clerk of Court is **DIRECTED** to docket no further motions from Petitioner in this case without prior approval from the Court. The Clerk shall inform the Court if any additional motions are received from Petitioner in this case, and the Court will review them and the asserted basis for the motions. The Court will then instruct the Clerk on whether to docket them. Until further order of this Court, the Clerk is directed to return to Petitioner any tendered documents in this case that are not approved by the Court.

**IT IS SO ORDERED**, this 11th day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge