IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                       Case No. 1:12-cr-10010-001

AARON MAURICE BLAYLOCK                                                                   DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Reduce Sentence (ECF No. 222) and Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 235). The Government filed a response. (ECF No. 240). The Court finds this matter ripe for consideration.

## I. BACKGROUND

On April 8, 2013, Defendant pleaded guilty to aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and aiding and abetting the use, carrying, or brandishing of a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c)(1)(A) and 2. On February 19, 2014, Defendant was sentenced to 272 months with credit for time served in federal custody, five (5) years supervised release, and a $200.00 special assessment. The Court ordered Defendant to pay $53,402.61 in restitution. Defendant is currently incarcerated at Victorville Medium I Federal Corrections Institution in Victorville, California.

On June 19, 2020, Defendant filed a *pro se* Motion to Reduce Sentence. (ECF No. 222). On September 22, 2020, Defendant filed a supplemental Motion seeking a compassionate-release sentence reduction pursuant to Section 603(b) of the First Step Act of 2018 due to his Hepatitis C, stage 2 kidney disease, and testing positive for HIV. Defendant asks that the Court modify his

sentence to time served or a period of home confinement as a condition of supervised release. The government opposes the motion.

## II. DISCUSSION

As previously stated, Defendant seeks a compassionate-release reduction of his sentence pursuant to the FSA. The government contends that a compassionate release is not appropriate in this case.

Relief is available under the First Step Act ("FSA") if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court will address each issue; however, Defendant must satisfy the statute's gate-keeping provision before the Court addresses the merits.

### A. Exhaustion of Administrative Remedies

The FSA has provided two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons ("BOP")] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

In the present case, Defendant filed a request for reduction in sentence by sending a sentence BP-9 request directly to the Regional Director. The Regional Director denied his request and stated that Defendant must file a BP-9 through the warden. On April 30, 2020, Defendant requested release due to COVID-19 and notes that he contacted the warden via email, and she denied his request. Defendant states he is unable to produce documentation regarding his request for release. While the Government does not raise this issue in their response, it remains unclear to the Court if Defendant filed his request directly with the warden or repeated his improper request to the regional director. Thus, it is unclear whether Defendant has exhausted his administrative

remedies, but even if Defendant had exhausted his remedies, the Court will still deny his motion based on the merits of the case.

### B. Extraordinary and Compelling Reasons

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. §3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[1] This policy statement limited "extraordinary and compelling reasons" to only include the following four circumstances:

> (A) Medical Condition of the Defendant. –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e.,

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

> a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is –
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues that his Hepatitis C, kidney disease, and HIV makes him vulnerable to COVID-19. Defendant asserts that his condition is stable and that he is currently under the care of the medical staff at the BOP. Defendant's medical records show that he contracted COVID-19 on September 11, 2020, and continues to be monitored by the medical staff at the BOP. (ECF No. 240-1).

Accordingly, the Court agrees with the Government that releasing Defendant to prevent him from contracting COVID-19 would not be the best means to protect him as he has already contracted the disease. Additionally, Defendant has not shown that the medical staff at the BOP is

incapable of issuing proper medical care. Thus, the Court does not find an exceptional or compelling reason to support Defendant's release.

### C. § 3553(a) Factors

The Court must also determine whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a compassionate release, to the extent that any are applicable. That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed—
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>>
>> (4) the kinds of sentence and the sentencing range established for—
>>
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>>
>> (5) any pertinent policy statement [issued by the Sentencing Commission];
>>
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>>
>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant notes that he has served approximately 104 months,[2] which is approximately 38.2% of his sentence, and asserts that he has had time to reflect on the seriousness of the offense. Defendant states that his compromised physical health, his work toward rehabilitation, and his time served warrants a compassionate release.

The Government maintains that Defendant engaged in violent and life-threatening conduct and remains a serious danger to the community. The Government also asserts that Defendant's criminal history combined with the nature of his conduct in this offense does not demonstrate any likelihood of deterrence from further criminal activity.

The Court agrees with the Government that Defendant's offense is violent in nature and that he has not shown that he would not pose a danger to the community at this time. Further, a substantial amount of Defendant's sentence remains to be served. While the Court acknowledges Defendant's progress toward his education, it is not convinced that Defendant should be released to the community at this time. Accordingly, the applicable § 3553(a) factors do not support Defendant's request for compassionate release.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 222) should be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of February, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

---

[2] Defendant has served approximately 104 months at the time of his September 22, 2020 filing. (ECF No. 235).