IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                              No. 1:12-cr-10010
                                No. 1:23-cv-1012

AARON MAURICE BLAYLOCK                                                           MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Aaron Maurice Blaylock ("Blaylock"), an inmate confined in the Victorville Medium I Federal Correctional Institution in Adelanto, California. ECF No. 249. Blaylock originally filed this action in the U.S. District Court for the Central District of California, and this case was transferred to this Court on February 6, 2023. ECF No. 251. Blaylock is proceeding *pro se* in this action. No response has been filed, and the Court finds no response is necessary.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 249) be **DENIED**.

**1.    Procedural Background**:

On August 22, 2012, Blaylock was named in a three-count Second Superseding Indictment. ECF No. 44. Pursuant to a written Plea Agreement (ECF No. 94), on April 8, 2013, before the Honorable Harry F. Barnes, Blaylock, pled guilty to Count 2, aiding and abetting federal bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and Count 3, aiding and abetting the use of a

firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. ECF No. 93. Count 3 was predicated on the crime charged in Count 2. ECF No. 44.

Judge Barnes ordered a Pre-Sentence Report (PSR) be prepared. The PSR was prepared and the final version was filed on October 3, 2013. ECF No. 120. Blaylock was determined to be a career offender under the United States Sentencing Guidelines (USSG) and assigned an offense level 34. ECF No. 120 ¶ 40. His total offense level was determined to be 31. ECF No. 120 ¶¶ 41-43. His Criminal History Category was VI. ECF No. 120 ¶¶ 52-54. The PSR also recommended a USSG range of 272-319 months imprisonment. ECF No. 120 ¶ 91. At his sentencing hearing on February 14, 2014, Blaylock was sentenced to 188 months on Count 2 and 84 months on Count 3, with the sentences to be served consecutively for a total sentence of 272 months imprisonment. ECF Nos. 145-146.

Blaylock filed a notice of appeal claiming the Court failed to properly weigh mitigating factors resulting in an unreasonable sentence. On December 12, 2014, the United States Court of Appeals for the Eighth Circuit affirmed the sentence. *See* ECF No. 161-1; *United States v. Blaylock*, 583 Fed. Appx. 590 (8th Cir. 2014).

On April 26, 2016, Blaylock filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. ECF No. 164. Counsel was appointed to represent him. Counsel filed a brief in support of the Motion (ECF No. 177), and the Government filed its Response. (ECF No. 178). After review, this Court denied the Motion to Vacate. ECF Nos. 179 and 186. Blaylock appealed the denial to the Eighth Circuit. The Eighth Circuit, on November 16, 2018, denied the issuance of a certificate of appealability and dismissed the appeal. ECF No. 203-1. The United States Supreme Court denied Blaylock's Petition for Writ of Certiorari on March 25, 2019. *See Blaylock v. United States*, 139 S.Ct. 1396 (Mem), 203 L.Ed.2d 626 (2019).

On December 27, 2019, Blaylock filed his *pro se* Motion for Permission to File a Successive Habeas Petition with the Eighth Circuit. *See Blaylock v. United States*, Cause No. 19-3777 (8th Cir. 2020). With this Motion, Blaylock specifically sought permission to challenge his conviction based on *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) which held in part the residual clause of the definition of a violent felony, in 18 U.S.C. § 924(c), providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence, was unconstitutionally vague. The Eighth Circuit denied Blaylock's *pro se* request for permission to file a successive motion on April 2, 2020. *See Blaylock v. United States*, Cause No. 19-3777 (8th Cir. April 2, 2020).

Prior to the Eighth Circuit's denial, on January 13, 2020, Blaylock filed a Motion to Vacate under 28 U.S.C. § 2255 with this Court. ECF No. 209. On May 14, 2020, this Court entered a report and recommendation recommending Blaylock's Motion to Vacate under 28 U.S.C. § 2255 be denied. ECF No. 215. This report and recommendation was adopted on June 11, 2020. ECF No. 221. In the order adopting this report and recommendation, the Honorable Susan O. Hickey directed as follows:

> The Clerk of Court is **DIRECTED** to docket no further motions from Petitioner in this case without prior approval from the Court. The Clerk shall inform the Court if any additional motions are received from Petitioner in this case, and the Court will review them and the asserted basis for the motions. The Court will then instruct the Clerk on whether to docket them. Until further order of this Court, the Clerk is directed to return to Petitioner any tendered documents in this case that are not approved by the Court.

ECF No. 221 at 13.

Blaylock appealed this denial of 2255 relief, and the Eighth Circuit denied his request for relief. ECF No. 241. That Court held as follows: "This appeal comes before the court on appellant's application for a certificate of appealability. The court has carefully reviewed the

original file of the district court, and the application for a certificate of appealability is denied. The appeal is dismissed."

Blaylock has now filed an additional 28 U.S.C. § 2255, which he styled as a petition under 28 U.S.C. § 2241 in the U.S. District Court for the Central District of California. The Central District of California transferred the Motion to this Court and found specifically, "As the district of confinement, this Court lacks jurisdiction over the Petition, which is a disguised Section 2255 motion." ECF No. 251, p. 2. This Court agrees, the instant pleading seeks relief properly sought under § 2255. Blaylock has not sought leave from the Eighth Circuit prior to filing this action.

**2.   Discussion**:

Under the Anti-Terrorism and Death Penalty Act, Blaylock was required to obtain a certification of approval to file by a panel of the Eighth Circuit prior to filing this § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) (1996). This provision provides as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* (emphasis added). *See also* 28 U.S.C. § 2255(h) (2008).

In the present action, because Blaylock did not seek permission from the Eighth Circuit prior to filing this action, this Court has no jurisdiction over this case.[1] *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this § 2255 motion should be dismissed for want of jurisdiction.[2]

---

[1] The fact this case was transferred does not relieve Blaylock of this responsibility or give him an excuse to avoid this responsibility. The statute does not supply such an exception.

[2] In the order transferring this action, the Honorable U.S. Magistrate Judge Autumn Spaeth, C.D. CA., references *Borden v. United States,* 141 S. Ct. 1817, 1821 (2021) as potentially providing Blaylock a basis for relief. ECF No. 251 at 2. Even assuming *Borden* could provide Blaylock a

3. **Recommendation:**

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (ECF No. 249) be **DENIED**.[3] Pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **21st day of February 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

basis for relief, Blaylock is still required to obtain leave from the Eighth Circuit prior to filing a Motion under 28 U.S.C. § 2255.

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).